IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES BROWN, | ) | CASE NO. 1:05CV777 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge John M. Manos |
| | ) | |
| JEFF JACKSON, *et al*, | ) | |
| | ) | |
| Defendants.[1] | ) | MEMORANDUM OF OPINION |

On March 23, 2005, Charles Brown, plaintiff, brought suit *pro se* pursuant to 43 U.S.C. § 1983 against Jeff Jackson, Corey Middlebrooks, and the Lorain Police Department, defendants. On November 11, 2005, the Defendants filed a Motion For Summary Judgment (Docket No. 15). As part of his response, the Plaintiff filed his own Motion For Summary Judgment (Docket No. 15), and a Motion For Trial (Docket No. 19). The parties have fully briefed the issues.

For the following reasons, the Defendants' motion is granted and the Plaintiff's motions are denied.

I. FACTS

On November 16, 2004, Defendant Middlebrooks, an officer of the Lorain Police

---

[1] The names of two of the Defendants are misspelled in the original Complaint.

Department, along with a second police officer, attempted to execute an arrest warrant at the Plaintiff's address. The officers were searching for Patrice Clevenger, a woman known to have been a girlfriend of the Plaintiff. The Plaintiff indicated that Ms. Clevenger was not present, but the officers sought to search the home pursuant to the arrest warrant. The Plaintiff's young children were present.

At this point, the parties' versions of events differ. The Plaintiff alleges that the officers entered over his objections, and that they used foul language and assaulted him in the process. He has produced a form medical record of an emergency room visit, dated November 23, 2004, instructing him to take over-the-counter pain medication for any discomfort relating to a purported shoulder sprain. The Defendants, however, assert that they had a right to search the home pursuant to the arrest warrant and showed the Plaintiff the warrant log. They deny using abusive language and physical contact with the Plaintiff.

The Plaintiff then filed a complaint with the Lorain Police Department, which was investigated by Defendant Jackson, a sergeant in the department. He concluded there had been no misconduct, and no action was taken against Defendant Middlebrooks. The Plaintiff alleges that the investigation was intentionally inadequate and effectively rigged against him.

On March 23, 2005, the Plaintiff brought suit pursuant to 42 U.S.C. § 1983. Though the Complaint is broad, the Plaintiff essentially alleges that Officer Middlebrooks violated his civil rights by improperly entering his home and assaulting him when executing the arrest warrant, and that Officer Jackson violated his civil rights based upon an improper investigation of the incident. The Plaintiff also names the Lorain Police Department as a Defendant alleging that the department is liable for the officers' conduct. Both parties seek summary judgment.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The party moving for summary judgment bears the initial burden of production under Rule 56. The burden may be satisfied by presenting affirmative evidence that negates an element of the non-movant's claim or by demonstrating "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

If the movant meets this burden, the non-movant must "set forth the specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The substantive law identifies which specific facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the non-movant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 256 (citing Adickes v. Kress & Co., 398 U.S. 144, 158-59 (1970)). However, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[T]he mere existence of some alleged factual disputes between the parties will not defeat an otherwise properly supported motion" for summary judgment.

Anderson, 477 U.S. at 247-48.

      B. Merits of the Motions

42 U.S.C. § 1983 provides a remedy for the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution or laws of the United States.[2] The elements of a claim under section 1983 are: (1) the deprivation of a federal right, and (2) the deprivation was committed by one acting under color of state law. West v. Adkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); United of Omaha Life Insurance Co. v. Solomon, 960 F.2d 31, 33 (6th Cir. 1992).

The Court concludes that the Plaintiff cannot satisfy the first element as a matter of law. Defendant Middlebrooks had a valid arrest warrant, and therefore had a right to enter the home to search for Ms. Clevenger. To the extent any altercation occurred, it resulted from the Plaintiff's unfounded objections to the officers' proper execution of the warrant.

In addition, beyond his blanket allegations, the only evidence of the alleged physical violence is the emergency room record, dated a week after the relevant events. The record is a form without a specific diagnosis, and the only treatment indication is for over-the-counter pain medication. Based on its content and date, the medical record does not support the allegations of violence.

---

[2]     42 U.S.C. § 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Defendant Jackson's sole role in these matters is the investigation of the incident. Under even a broad interpretation of the Complaint, there is no basis to find a deprivation of a constitutional right by Jackson.

The individual Defendants also assert the defense of qualified immunity. Government officials performing discretionary functions are shielded from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Garvie v. Jackson, 845 F.2d 647, 649 (6th Cir. 1988). The Sixth Circuit applies a three-step analysis in determining whether qualified immunity exists. First, the Court determines whether, viewing the evidence in the light most favorable to the plaintiff, he has shown that a constitutional violation has occurred. Second, the violation must have involved a clearly established constitutional right of which a reasonable person would have known. Third, the plaintiff must demonstrate that the official's conduct was objectively unreasonable in light of the clearly established constitutional rights. Dean v. Byerley, 354 F.3d 540, 557 (6th Cir. 2004); Feathers v. Aey, 319 F.3d 843, 848 (6th Cir. 2003); Flagner v. Wilkinson, 241 F.3d 475, 480-81 (6th Cir.), cert. denied, 534 U.S. 1071 (2001). Upon review of the record, and based on the analysis above, the Court concludes that no constitutional violation occurred, and that the officers' conduct was objectively reasonable.

Finally, the Plaintiff alleges that the Lorain Police Department is liable for the alleged improper conduct of the police officers. The department is not an entity that can be sued, but given that *pro se* pleadings ordinarily are read liberally, the Court deems this claim to be one against the City of Lorain.

Under 42 U.S.C. § 1983, a municipality cannot be liable for the actions of its employees

under the principle of *respondeat superior*. Rather, there must be a municipal policy or custom that itself causes the deprivation of a federal right, thereby rendering the governmental entity directly responsible for the injury. Monell v. Department of Social Services, 436 U.S. 658, 691-95 (1978). To prevail, the Plaintiff must identify a municipal policy or custom and show that the particular injury was caused by the execution of that policy or custom. Searcy v. City of Dayton, 38 F.3d 282, 287 (6th Cir. 1994) The municipality must have acted with "deliberate indifference" as to known or obvious consequences of its policy. Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 407 (1997), citing, Canton v. Harris, 489 U.S. 378, 388 (1989).

The Plaintiff's Complaint does not identify any policy or custom through which the city could be deemed liable. Therefore, the claim against Lorain lacks merit.

### III. CONCLUSION

For the foregoing going reasons, the Defendants' Motion For Summary Judgment (Docket No. 14) is GRANTED, and the Plaintiff's cross-motions (Docket Nos. 15 and 19) are DENIED. Accordingly, this action is hereby dismissed with prejudice, each party to bear its own costs.

IT IS SO ORDERED.

Issued: February 6, 2006                               s/ John M. Manos
                                                               UNITED STATES DISTRICT JUDGE